**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                        )<br>          Plaintiff,         )<br>                        )<br>     vs.                  )<br>                        )<br>                        )<br>ALEJANDRO REYES-RAMIREZ,    )<br>                        )<br>          Defendant.         )<br>                        )  | 3:14-cr-00065-RCJ-WGC<br><br>**ORDER** |

      A grand jury has indicted Defendant for structuring deposits and withdrawals in order to evade reporting requirements under 31 U.S.C. § 5324(a)(3). Defendant asks the Court to order the Government to provide reasonable notice in advance of trial (specifically, one month) of the general nature of any other crimes, wrongs, or acts evidence to be offered against Defendant for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* Fed. R. Evid. 404(b). The Government correctly notes that the standard is reasonable notice, not one month. The Government argues that it should not be precluded from using otherwise admissible 404(b) evidence that it discovers within one month of trial so long as it gives Defendant reasonable notice of its intent to use the evidence. The Court grants the motion in part. The Government shall, no later than 30 days before trial, disclose any 404(b)-type evidence it intends to offer at trial. Thereafter, the Government shall diligently disclose any newly discovered 404(b)-type evidence it intends to introduce.

      As the Court noted at the hearing on the present motion, the Indictment does not indicate any illegal activity apart from the structuring offense itself. (*See* Indictment 1, ECF No. 1 ("[D]efendant . . . did . . . structure approximately $1,158,433 through transactions with Wells

Fargo Bank . . . as part of a pattern of illegal activity involving more than $100,000 in a 12-month period . . . .")).  The language concerning the "pattern of illegal activity," however, appears to have been copied from 31 U.S.C. § 5324(d)(2), which is cited in the same paragraph of the Indictment and which provides for increased criminal penalties where the structuring concerns more than $100,000 over the course of 12 months.  There is no other indication in the Indictment of any underlying criminal activity apart from the structuring itself, e.g., illegal drug or weapons sales, pandering, etc.  The Government need not make such an allegation to make out a structuring charge.  But the Department of Justice has recently announced its policy not to seek "civil or criminal forfeiture," much less charge persons with a crime under § 5324, "in most cases" unless the structuring is tied to "additional criminal activity" apart from the structuring itself. *See* Press Release, Mar. 31, 2015, http://www.justice.gov/opa/pr/attorney-general-restricts-use-asset-forfeiture-structuring-offenses; U.S.D.O.J. Policy Directive 15-3, Mar. 31, 2015.  At the hearing, the Government indicated no knowledge of any underlying offense, although, to be fair, the primary attorney assigned to the case was ill.  Counsel for Defendant indicated that the alleged offense had to do with an interstate recycling deposit scheme. *Cf. Seinfeld: The Bottle Deposit* (NBC television broadcast May 2, 1996).

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion (ECF No. 24) is GRANTED IN PART, as noted *supra*.

IT IS FURTHER ORDERED that the Government shall provide notice to Defendant of the nature of the underlying illegal activity in this case, regardless of whether the Government determines to further charge Defendant for that activity, no later than sixty (60) days before trial.

IT IS SO ORDERED.

Dated this 30th day of June, 2015.

_____
ROBERT C. JONES
United States District Judge